NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TONY L. GOLLIDAY,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1619

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-6386, Judge Scott Laurer.

---

Decided:  July 19, 2023

---

SEAN A. RAVIN, Miami, FL, argued for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; Y. KEN LEE, SAMANTHA ANN SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, WASHINGTON, DC.

————————————

Before HUGHES, LINN, and STARK, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Tony Golliday appeals a decision from the Court of Appeals for Veterans Claims denying service connection for a right knee disability and a right ankle disability. While this court has jurisdiction over certain constitutional and legal issues, we are statutorily prohibited from reviewing the application of law to facts. 38 U.S.C. § 7292(d)(2). Thus, we dismiss this appeal for lack of jurisdiction.

I

Mr. Golliday served honorably in the United States Army from November 1979 until February 1983. In April 2004, Mr. Golliday filed a claim with the VA, seeking disability benefits for right knee and ankle conditions that he stated began during his service. At first, the regional office denied service connection for Mr. Golliday's claim, basing its finding in part on the absence of some of Mr. Golliday's service records. Mr. Golliday's claim was then remanded by the Board and by the Veterans Court several times between 2011 and 2019 to continue developing the claim and to allow the agency to attempt to locate Mr. Golliday's absent service medical records. Eventually, the agency determined that it could not locate any other service medical records for Mr. Golliday. Then, the regional office and the Board relied on other available evidence in the record to deny service connection, such as Mr. Golliday's failure to report any right knee or ankle issues during his discharge evaluation, and other medical records showing that the injuries more likely occurred post-service. The Veterans Court affirmed, finding that the medical records that could be found indicated both of his injuries were less likely caused by his service, and more likely caused by post-service events. Mr. Golliday now appeals.

## II

Our jurisdiction to review decisions by the Veterans Court is limited by statute. 38 U.S.C. § 7292(d); *see Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review and decide challenges to the validity of any statute or regulation, or to any interpretation of statutory, regulatory, or constitutional provisions if such provisions are presented and necessary to a decision. 38 U.S.C. § 7292(c). But we lack jurisdiction to review challenges to factual determinations, or challenges to the application of law or regulation to the facts of a particular case, unless an appeal from a Veterans Court decision presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

Mr. Golliday's sole argument on appeal is that the Veterans Court erred by basing its finding on the absence of service treatment records, in violation of the Secretary's statutory duty to assist a claimant in obtaining evidence to substantiate a claim. 38 U.S.C. § 5103A(d). But neither the Board nor the Veterans Court relied on the absence of medical records for their findings. Instead, the Board and the Veterans Court, while acknowledging that certain medical records could not be located, based their findings on the medical records that *could* be obtained. In fact, as discussed above, Mr. Golliday's claims were remanded several times to continue to consider Mr. Golliday's claim in light of available evidence. Thus, the decision we are reviewing would not be altered even if we were to adopt the position Mr. Golliday advocates—that the absence of medical records is not pertinent evidence when the government loses a veteran's service medical records—so we lack jurisdiction over this appeal. *See Cromer v. Nicholson*, 455 F.3d 1346, 1348–49 (Fed. Cir. 2006). Moreover, reviewing Mr. Golliday's appeal would require us to review the application of law to the facts of Mr. Golliday's case, which we are prohibited from doing by statute. Because Mr. Golliday's appeal is directed to applications of law to the facts of his claim,

we lack jurisdiction to review Mr. Golliday's appeal. Accordingly, we dismiss this appeal.

**DISMISSED**

Costs

No costs.